MANDATORY FORM PLAN (Revised 01/22/2018)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN   DIVISION at   CINCINNATI

| | | |
|---|---|---|
| In re    Kalena Marie Robinson | ) | Case No.    19-13102 |
| | ) | |
| | ) | Chapter 13 |
| | ) | Judge    Jeffery P. Hopkins |
| Debtor(s) | | |

**CHAPTER 13 PLAN**

## 1. NOTICES

**The Debtor has filed a case under chapter 13 of the Bankruptcy Code. A notice of the case (Official Form 309I) will be sent separately.**

This is the Mandatory Form Chapter 13 Plan adopted in this District. Local Bankruptcy Rule ("LBR") 3015-1. "Debtor" means either a single debtor or joint debtors as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure.

Unless otherwise checked below, the Debtor is eligible for a discharge under § 1328(f).

☐ Debtor _____ is **not eligible** for a discharge.

☐ Joint Debtor _____ is **not eligible** for a discharge.

☒ **Initial Plan**

☐ **Amended Plan**  The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on the Trustee, the United States trustee and all adversely affected parties. If the Amended Plan adversely affects any party, the Amended Plan shall be accompanied by the twenty-one (21) day notice. Rule 2002(a)(9). Any changes (additions or deletions) from the previously filed Plan or Amended Plan must be clearly reflected in bold, italics, strike-through or otherwise in the Amended Plan filed with the Court. LBR 3015-2(a)(1).

If an item is not checked, the provision will be ineffective if set out later in the Plan.
☐ **This Plan contains nonstandard provisions in Paragraph 13.**
☐ **The Debtor proposes to limit the amount of a secured claim based on the value of the collateral securing the claim. See Paragraph(s) 5.1.2 and/or 5.1.4.**
☐ **The Debtor proposes to eliminate or avoid a security interest or lien. See Paragraphs 5.4.1 and/or, 5.4.2 and 5.4.3.**

**NOTICES TO CREDITORS: You should read this Plan carefully, including Paragraph 13 (Nonstandard Provisions), and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Except as otherwise specifically provided, upon confirmation, you will be bound by the terms of this Plan. Your claim may be reduced, modified, or eliminated. The Court may confirm this Plan if no timely objection to confirmation is filed.**

## 2. PLAN PAYMENT AND LENGTH

**2.1 Plan Payment.** The Debtor shall pay to the Trustee the amount of $ ___2,761___ per month. [Enter step payments below, if any.] The Debtor shall commence payments within thirty (30) days of the petition date.

**2.1.1 Step Payments, if any:** _____

**MANDATORY FORM PLAN (Revised 01/22/2018)**

**2.2 Unsecured Percentage**

☒ **Percentage Plan.** Subject to Paragraph 2.3, this Plan will not complete earlier than the payment of

___2___ % on each allowed nonpriority unsecured claim.

☐ **Pot Plan.** Subject to Paragraph 2.3, the total amount to be paid by the Debtor to the Trustee is

$ _____ . Assuming all claims are filed as scheduled or estimated by the Debtor, payment on each

allowed nonpriority unsecured claim is estimated to be no less than _____ %. LBR 3015-1(c)(2).

**2.3 Means Test Determination**

☒ **Below Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected
length of the plan must be a minimum of thirty-six (36) months but not to exceed sixty (60)
months.

☐ **Above Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected
length of the Plan must be sixty (60) months.

**3. PRE-CONFIRMATION LEASE PAYMENTS AND/OR ADEQUATE PROTECTION PAYMENTS**

Pre-confirmation personal property lease payments governed by § 1326(a)(1)(B) shall be made as part of the total
plan payment to the Trustee. LBR 3070-1(a). Pre-confirmation adequate protection payments governed by §
1326(a)(1)(C) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(b). The lessor/secured
creditor must file a proof of claim to receive payment. LBR 3070-1(a) and (b).

| | Name of Lessor/Secured Creditor | Property Description | Monthly Payment Amount | |
|---|---|---|---|---|
| | | | $ | |

**4. SECURED CLAIMS:  TREATMENT, TIMING AND SERVICE REQUIREMENTS**

4.1  Non-Governmental Unit Secured Claims. The Debtor may propose to limit the amount of a secured claim
based on the value of the collateral securing the claim by the procedure proposed in Paragraphs 5.1.2 and
5.1.4. Further, the Debtor may propose to eliminate or avoid a security interest or lien by the procedure
proposed in Paragraphs 5.4.1, 5.4.2 and 5.4.3. If the Debtor proposes to seek any of the above-stated relief
by way of motion or claim objection, the motion or claim objection must be filed on or before the § 341
meeting of creditors or the confirmation hearing may be delayed. If a judicial lien or nonpossessory,
nonpurchase-money security interest is discovered after confirmation of the Plan, a motion to avoid the
judicial lien or security interest may be promptly filed after it is discovered.

4.2  Governmental Unit Secured Claims. A request to determine the amount of the secured claim of a
governmental unit or to modify and eliminate the secured claim of a governmental unit may be made **only**
by motion or claim objection. Rule 3012(c). Any motion or claim objection that includes a request to
determine the amount of the secured claim of a governmental unit (including any such motion or claim
objection that also includes a request to determine the amount of the secured claim of a non-governmental
entity) may be filed **only** after the governmental unit files a proof of claim or after the time for filing one
has expired. Rule 3012, advisory committee note (2017 Amendments).

4.3  Service Requirements. If the Debtor proposes to seek relief under Paragraphs 5.1.2, 5.1.4, 5.4.1, 5.4.2, or
5.4.3, the motion, Plan or claim objection, as applicable, must be served in the manner provided by Rule
7004 for service of a summons and complaint. Rule 3007(a)(2), Rule 3012(b), Rule 4003(d) and General
Order 22-2.

4.4  Retention of Lien. The holder of any claim listed in Paragraphs 5.1.2, 5.1.4 and 5.4.1 will retain its lien on
the property interest of the Debtor or the Debtor's estate until the earlier of --(a) payment of the underlying
debt determined under nonbankruptcy law, (b) discharge of the underlying debt under 11 U.S.C. § 1328, or
(c) completion of the Plan --at which time the lien will terminate and be released by the creditor

MANDATORY FORM PLAN (Revised 01/22/2018)

## 5. PAYMENTS TO CREDITORS

### SUMMARY OF PAYMENTS BY CLASS

| Class | Definition | Payment/Distribution by Trustee |
|---|---|---|
| Class 1 | Claims with Designated Specific Monthly Payments | Paid first in the monthly payment amount designated in the Plan |
| Class 2 | Secured Claims with No Designated Specific Monthly Payments and Domestic Support Obligations (Arrearages) | Paid second and pro rata with other Class 2 claims |
| Class 3 | Priority Claims | Paid third and pro rata with other Class 3 claims |
| Class 4 | Nonpriority Unsecured Claims | Paid fourth and pro rata with other Class 4 claims |
| Class 5 | Claims Paid by a Non-Filing Co-Debtor or Third Party | Not applicable |
| Class 6 | Claims Paid by the Debtor | Not applicable |

Except as provided in Paragraph 3, the Trustee shall begin making distributions upon confirmation. To the extent funds are available, the maximum number of Classes may receive distributions concurrently. Notwithstanding the above, the Trustee is authorized within the Trustee's discretion to calculate the amount and timing of distributions as is administratively efficient.

### 5.1 CLASS 1 - CLAIMS WITH DESIGNATED SPECIFIC MONTHLY PAYMENTS

The following Class 1 claims shall be paid first in the monthly payment amount designated below. The plan payment is calculated in an amount that is sufficient for the Trustee to make a full monthly distribution on all Class 1 claims plus the statutory Trustee fee. If the Debtor makes a payment that is less than the full plan payment amount, the Trustee will make distributions on Class 1 claims in the order of priority set forth in the Bankruptcy Code.

#### 5.1.1 Maintenance of Regular Mortgage Payments

Regular mortgage payments shall be calculated for payment starting the month after the filing of the petition. Arrearages shall be paid as Class 2 claims.

**Trustee disburse.**

| | Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount | |
|---|---|---|---|---|---|
| | Fifth Third Bank | 1033 Hopedale Court, Cincinnati OH 45240 | Y | $1,328 | |

**Debtor direct pay.** Unless otherwise ordered by the Court, regular monthly mortgage payments may only be paid directly by the Debtor if the mortgage is current as of the petition date. LBR 3015-1(e)(1).

| | Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount | |
|---|---|---|---|---|---|
| | | | | $ | |

**MANDATORY FORM PLAN (Revised 01/22/2018)**

**5.1.2 Modified Mortgages or Liens Secured by Real Property ["Cramdown/Real Property"]**

The following claims are subject to modification as (1) claims secured by real property that is not the Debtor's principal residence, (2) claims secured by other assets in addition to the Debtor's principal residence, or (3) claims for which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the Debtor's principal residence is due before the date on which the final payment under the plan is due. 11 U.S.C. §§ 1322(b)(2), (c)(2). To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

| Name of Creditor / Procedure | Property Address | Value of Property | Interest Rate | Minimum Monthly Payment | |
|---|---|---|---|---|---|
| (Creditor) ☐ Motion ☐ Plan ☐ Claim Objection | | $ | % | $ | |

**5.1.3 Claims Secured by Personal Property for Which § 506 Determination is Not Applicable ["910 Claims/Personal Property"]**

The following claims are secured by a purchase money security interest in either (1) a motor vehicle acquired for the Debtor's personal use within 910 days of the petition date or (2) personal property acquired within one year of the petition date. The proof of claim amount will control, subject to the claims objection process.

| Name of Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|---|
| | | | $ | % | $ | |

**5.1.4 Claims Secured by Personal Property for Which § 506 Determination is Applicable ["Cramdown/Personal Property"]**

The following claims are secured by personal property not described above in Paragraph 5.1.3. To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

| Name of Creditor / Procedure | Property Description | Purchase/ Transaction Date | Value of Property | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|---|
| (Creditor) ☐ Motion ☐ Plan ☐ Claim Objection | | | $ | % | $ | |

MANDATORY FORM PLAN (Revised 01/22/2018)

### 5.1.5 Domestic Support Obligations (On-Going) - Priority Claims under § 507(a)(1)

If neither box is checked, then presumed to be none.

☐ **Trustee disburse**

☐ **Debtor direct pay**

The name of any holder of any domestic support obligation as defined in § 101(14A) shall be listed below. If the Debtor becomes subject to a domestic support obligation during the Plan term, the Debtor shall notify his or her attorney and the Trustee.

| | Name of Holder | State Child Support Enforcement Agency, if any | Monthly Payment Amount | |
|---|---|---|---|---|
| | | | $ | |

### 5.1.6 Executory Contracts and Unexpired Leases

**The Debtor rejects** the following executory contracts and unexpired leases.

> **Notice to Creditor of Deadline to File Claim for Rejection Damages:**
> A proof of claim for rejection damages must be filed by the creditor within seventy (70) days from the date of confirmation of the Plan. Rule 3002(c)(4). Such claim shall be treated as a Class 4 nonpriority unsecured claim.

| | Name of Creditor | Property Description | |
|---|---|---|---|
| | Blue Rock Investments | office space located at 6625 C Dixie Highway Fairfield, Ohio 45014 | |

**The Debtor assumes** the following executory contracts and unexpired leases. Unless otherwise ordered by the Court, all motor vehicle lease payments shall be made by the Trustee. LBR 3015-1(d)(2). Any prepetition arrearage shall be cured in monthly payments prior to the expiration of the executory contract or unexpired lease. The Debtor may not incur debt to exercise an option to purchase without obtaining Trustee or Court approval. LBR 4001-3.

**Trustee disburse.**

| | Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/ Lease Termination Date |
|---|---|---|---|---|---|---|
| | | | | $ | $ | |

**Debtor direct pay.**

| | Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/ Lease Termination Date |
|---|---|---|---|---|---|---|
| | | | | $ | $ | |

**MANDATORY FORM PLAN (Revised 01/22/2018)**

### 5.1.7 Administrative Claims

The following claims are administrative claims. Unless otherwise ordered by the Court, requests for additional attorney fees beyond those set forth below will be paid after the attorney fees set forth below and in the same monthly amount as set forth below. LBR 2016-1(b).

| Name of Claimant | Total Claim | Amount to be Disbursed by Trustee | Minimum Monthly Payment Amount | |
|---|---|---|---|---|
| Cynthia S. Daugherty | $3,700 | $3,200 | 100.00 | |

## 5.2 CLASS 2 - SECURED CLAIMS WITH NO DESIGNATED MONTHLY PAYMENTS AND DOMESTIC SUPPORT OBLIGATIONS (ARREARAGES)

### 5.2.1 Secured Claims with No Designated Monthly Payments

The following claims are secured claims with no designated monthly payments, including mortgage arrearages, certificates of judgment and tax liens. The proof of claim amount shall control, subject to the claims objection process. Class 2 claims shall be paid second and shall be paid pro rata with other Class 2 claims.

| Name of Creditor | Estimated Amount of Claim | |
|---|---|---|
| Fifth Third Bank | $37,668.72 | |

### 5.2.2 Domestic Support Obligations (Arrearages) - Priority Claims under § 507(a)(1)

☐ **Trustee disburse**

☐ **Debtor direct pay**

The name of any holder of any domestic support obligation arrearage claim or claim assigned to or owed to a governmental unit and the estimated arrearage amount shall be listed below.

| Name of Holder | State Child Support Enforcement Agency, if any | Estimated Arrearage | |
|---|---|---|---|
| | | $ | |

## 5.3 CLASS 3 - PRIORITY CLAIMS

Unless otherwise provided for in § 1322(a), or the holder agrees to a different treatment, all priority claims under § 507(a) shall be paid in full in deferred cash payments. § 1322(a). Class 3 claims shall be paid third and shall be paid pro rata with other Class 3 claims.

## 5.4 CLASS 4 - NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims shall be paid a dividend as provided in Paragraph 2.2. Class 4 claims shall be paid fourth and shall be paid pro rata with other nonpriority Class 4 claims.

**MANDATORY FORM PLAN (Revised 01/22/2018)**

### 5.4.1 Wholly Unsecured Mortgages/Liens

The following mortgages/liens are wholly unsecured and may be modified and eliminated. See *In re Lane*, 280 F.3d 663 (6th Cir. 2002). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| | Name of Creditor / Procedure | Property Address | |
|---|---|---|---|
| 1 | (Creditor)<br>☐ Motion<br>☐ Plan | | |

| | Value of Property | SENIOR Mortgages/Liens (Amount/Lienholder) | | Amount of Wholly Unsecured Mortgage/Lien | |
|---|---|---|---|---|---|
| 1 | $ | $ | (Lienholder)  [+] [X] [C] | $ | |

### 5.4.2 Judicial Liens Impairing an Exemption in Real Property

The following judicial liens impair the Debtor's exemption in real property and may be avoided under § 522(f)(1)(A). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| | Name of Creditor / Procedure | Property Address | Value of Property | Exemption | |
|---|---|---|---|---|---|
| 1 | (Creditor)<br>☐ Motion<br>☐ Plan | | $<br>Debtor's Interest<br>$ | $<br>Statutory Basis<br>§ | |

| | OTHER Liens or Mortgages (Amount/Lienholder Name) | | Judicial Lien | Amount of Judicial Lien to be Avoided | |
|---|---|---|---|---|---|
| 1 | $ | (Lienholder)  [+] [X] [C] | $<br>Recorded Date | $<br>Effective Upon: | |

### 5.4.3 Nonpossessory, Nonpurchase-Money Security Interest in Exempt Property

The following nonpossessory, nonpurchase-money security interests impair the Debtor's exemption in personal property and may be avoided under § 522(f)(1)(B). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| Name of Creditor / Procedure | Property Description | Value of Property | Exemption | Amount of Security Interest to be Avoided | |
|---|---|---|---|---|---|
| (Creditor)<br>☐ Motion<br>☐ Plan | | $ | $<br>Statutory Basis<br>§ | $<br>Effective Upon: | |

### 5.4.4 Mortgages to be Avoided Under 11 U.S.C. § 544

The following debts secured by a mortgage will be paid as unsecured claims concurrent with other Class 4 claims. The Debtor or the Trustee shall file an adversary proceeding to determine whether the mortgage may be avoided. To the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor, provided a colorable claim exists that would benefit the estate.

| | Name of Creditor | Action to be Filed By | Address of Property | |
|---|---|---|---|---|
| | | ☐ Debtor<br>☐ Trustee | | |

### 5.5 CLASS 5 - CLAIMS PAID BY A NON-FILING CO-DEBTOR OR THIRD PARTY

The following claims shall <u>not</u> be paid by the Trustee or the Debtor but shall be paid by a non-filing co-debtor or third party.

| | Name of Creditor | Name of Payor | |
|---|---|---|---|
| | | | |

### 5.6 CLASS 6 - CLAIMS PAID DIRECTLY BY THE DEBTOR

The following claims shall <u>not</u> be paid by the Trustee but shall be paid directly by the Debtor.

| | Name of Creditor | Monthly Payment Amount | |
|---|---|---|---|
| | | $ | |

### 6. SURRENDER OF PROPERTY

The Debtor elects to surrender to the creditor the following property that is collateral for the creditor's claim. Upon confirmation of the Plan, the stay under § 362(a) and, if applicable, § 1301(a) shall be terminated as to the surrendered property only. Rule 3015(g)(2).

| | Name of Creditor | Description of Property | |
|---|---|---|---|
| | | | |

### 7. INTEREST RATE

Unless otherwise stipulated by the parties, ordered by the Court or provided for in this Plan and except for claims treated in paragraph 5.1.1, secured claims shall be paid interest at the annual percentage rate of __6.5__ % based upon a declining monthly balance on the amount of the allowed secured claim. Interest is included in the monthly payment amount. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

☐ **This is a solvent estate.** Unless otherwise provided, all nonpriority unsecured claims shall be paid in full with interest at _____ % from the date of confirmation. If this box is not checked, the estate is presumed to be insolvent.

MANDATORY FORM PLAN (Revised 01/22/2018)

## 8. FEDERAL INCOME TAX RETURNS AND REFUNDS

### 8.1 Federal Income Tax Returns

If requested by the Trustee, the Debtor shall provide the Trustee with a copy of each federal income tax return filed during the Plan term by April 30 of each year.

### 8.2 Federal Income Tax Refunds

Notwithstanding single/joint tax filing status, the Debtor may annually retain the greater of (1) any earned income tax credit and additional child tax credit or (2) $3,000 of any federal income tax refund for maintenance and support pursuant to § 1325(b)(2) and shall turnover any balance in excess of such amount to the Trustee. Unless otherwise ordered by the Court, tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors. Any motion to retain a tax refund in excess of the amount set forth above shall be filed and served pursuant to LBR 9013-3(b).

## 9. OTHER DUTIES OF THE DEBTOR

### 9.1 Change of Address, Employment, Marital Status, or Child or Spousal Support Payments

The Debtor shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor's address, employment, marital status, or child or spousal support payments.

### 9.2 Personal Injury, Workers Compensation, Buyout, Severance Package, Lottery Winning, Inheritance, or Any Other Amount

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of money or property regarding personal injury, workers compensation, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor shall comply with all requirements for filing applications or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules. Unless otherwise ordered by the Court, these funds shall be distributed by the Trustee for the benefit of creditors.

### 9.3 Social Security

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of social security funds.

## 10. INSURANCE

### 10.1 Insurance Information

As of the petition date, the Debtor's real and personal property is insured as follows.

| | Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent Name/Contact Information | |
|---|---|---|---|---|---|---|
| | 1033 Hopedale Court Cincinnati, OH 45240 | State Farm | 95-CX-A871-5 | Full | Duke Nguyen 513-825-1530 | |
| | KMR Driving (Cars) | Great Lakes Premium | 73APR377 43 | Full | Gary Woodcox 513-528-9717 | |
| | KMR Driving and KMR Training Center (Business) | Erie Insurance | Q38075071 2C | Full | Teri McGoron 513-202-0099 | |

**10.2 Casualty Loss Insurance Proceeds (Substitution of Collateral)**

If a motor vehicle is deemed to be a total loss while there is still an unpaid claim secured by the motor vehicle, the Debtor shall have the option to use the insurance proceeds to either (1) pay off the balance of the secured claim through the Trustee if the secured creditor is a named loss payee on the policy or (2) upon order of the Court, substitute the collateral by purchasing a replacement motor vehicle. If a replacement motor vehicle is purchased, the motor vehicle shall have a value of not less than the balance of the unpaid secured claim, the Debtor shall ensure that the lien of the creditor is transferred to the replacement motor vehicle, and the Trustee shall continue to pay the allowed secured claim. Unless otherwise ordered by the Court, if any insurance proceeds remain after paying the secured creditor's claim, these funds shall be distributed by the Trustee for the benefit of creditors.

## 11. EFFECTIVE DATE OF THE PLAN

The effective date of the Plan is the date on which the order confirming the Plan is entered.

## 12. VESTING OF PROPERTY OF THE ESTATE

Unless checked below, property of the estate does not vest in the Debtor until the discharge is entered. The Debtor shall remain responsible for the preservation and protection of all property of the estate.

☒ Confirmation of the Plan vests all property of the estate in the Debtor in accordance with §§ 1327(b) and (c).

☐ Other  _____

## 13. NONSTANDARD PROVISIONS

The nonstandard provisions listed below are restricted to those items applicable to the particular circumstances of the Debtor. Nonstandard provisions shall not contain a restatement of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Mandatory Chapter 13 Form Plan. Any nonstandard provision placed elsewhere in this Plan is void and shall have no binding effect.

| | Nonstandard Provisions | |
|---|---|---|
| | | |

MANDATORY FORM PLAN (Revised 01/22/2018)

By filing this Plan, the Debtor, if unrepresented by an attorney, or the Debtor's Attorney certifies that (1) the wording and order of provisions of this Plan are identical to those contained in the Mandatory Form Chapter 13 Plan adopted in this District and (2) this Plan contains no nonstandard provisions other than those set forth in Paragraph 13.

**Debtor's Attorney**

**Date:**08/24/19

**/s/** Cynthia S. Daugherty

Cynthia S. Daugherty, 0086414

Daugherty Law

8686 Winton Road
Cincinnati, OH 45231

**Ph:**513-484-9486

**Fx:**516-672-2862

debtreliefsoon@gmail.com

**Debtor**

/s/ Kalena Marie Robinson

**Date:**08/24/19

**Joint Debtor**

**/s/** (JOINT DEBTOR NAME)

**Date:**

**MANDATORY FORM PLAN (Revised 01/22/2018)**

## NOTICE OF DEADLINE FOR OBJECTING TO PLAN CONFIRMATION

Debtor has filed a Chapter 13 Plan or an Amended Chapter 13 Plan (collectively, the "Plan").

**Your rights may be affected.** You should read the Plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the Plan, you must file an objection to the Plan **within the later of:** 1) fourteen (14) days after the § 341 meeting of creditors is concluded; **OR** 2) twenty-one (21) days from the date set forth in the certificate of service of this Plan. If a timely objection to the Plan is filed within seven (7) days of the confirmation hearing date, the confirmation hearing will be rescheduled. Rule 3015(f).

Your objection to the Plan, explaining your position, must be filed with the Court and mailed by ordinary U.S. Mail to the United States Bankruptcy Court

Atrium Two Suite 800, 221 East Fourth Street, Cincinnati OH 45202

OR your attorney must file the objection using the Court's ECF System.

The Court must **receive** your objection on or before the applicable deadline above.

You must also send a copy of your objection either by 1) the Court's ECF System or by 2) ordinary U.S. Mail to:

Kalena Marie Robinson 1033 Hopedale Court Cincinnati, OH 45240

Cynthia S. Daugherty 8686 Winton Road Cincinnati, Ohio 45231

Margaret Burks, Chapter 13 Trustee, 600 Vine Street, Suite 2200, Cincinnati, Ohio 45202

and the United States trustee.

If you or your attorney does not take these steps, the Court may decide that you do not oppose the terms of the Plan and may enter an order confirming the Plan without further hearing or notice.

MANDATORY FORM PLAN (Revised 01/22/2018)

### Certificate of Service

I hereby certify that a copy of the foregoing Plan was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the Court and (ii) by **ordinary U.S. Mail** on  08/24/19    addressed to:

Kalena Marie Robinson
1033 Hopedale Court
Cincinnati, OH 45240

Ace Check Cashing
1231 Greenway Drive
Irving, TX 75038

Alltran Financial LP
POB 610
Sauk Rapids, MN 56379

American Home Shield
POB 1259
Oaks, PA 19456

Applied Card Bank
POB 17125
Wilmington, DE 19886

Around Campus Group
88 Vilcom Center Drive
Suite 160
Chapel Hill, NC 27514

Bass & Associates
3936 E Ft Lowell Rd
#200
Tucson, AZ 85712

BBB
7 West Seventh Street
Suite 1600
Cincinnati, OH 45202

Bethany L. Suttinger
Lerner, Sampson & Rothfuss
POB 5480
Cincinnati, OH 45201

Blue Rock Investments
5200 Camelot Drive
Fairfield, OH 45014

Brinks Security
Dept CH 8628

MANDATORY FORM PLAN (Revised 01/22/2018)

Palatine, IL 60055

Caine & Weiner
12005 Ford Road
Suite 300
Dallas, TX 75234

Calvary Spv I, LLC
500 Summit Lake Dr
Suite 400
Valhalla, NY 10595

Capital One
C/O Beckett & Lee LLP
POB 3001
Malvern, PA 19355

Capital One Bank
15000 Capital One Drive
Henrico, VA 23238

Care Source
POB 12845
Covington, KY 41012

Cashnet USA
200 W. Jackson Blvd
14th Floor
Chicago, IL 60606

CBTS
POB 748001
Cincinnati, OH 45274

CCS/First Savings Bank
500 E 60th Street
Sioux Falls, SD 57104

Cerasties LLC
Weinstein Pinson & Riley
2001 Western Ave, Suite 400
Seattle, WA 98121

Charter Communications
12405 Powerscourt Drive
Saint Louis, MO 63131

Chase
201 N Walnut Street
DE1-1027
Wilmington, DE 19801

Choice Recovery

1550 Old Henderson Road
Columbus, OH 43220

Cincinnati Bell
POB 748003
Cincinnati, OH 45274

Cincinnati Childrens Hospital Medical Ct
POB 5209
Cincinnati, OH 45201

Cincinnati Technical College
3520 Central Parkway
Cincinnati, OH 45223

Cintas Corporation
POB 630803
Cincinnati, OH 45263

CMC Properties
10925 Reed Hartman Highway
Cincinnati, OH 45242

Credit One Bank
585 S. Pilot Street
Las Vegas, NV 89119

CSS Signs Inc
9437 Harrison Avenue
Cleves, OH 45002

Data Sphere
3350 161 St Ave SE
Bellevue, WA 98008

DCS Technologies
6502 State Route 123 N
Franklin, OH 45005

Delev & Associates LLC
1050 Delta Avenue
Cincinnati, OH 45208

DentaQuest
465 Medford Street
Charlestown, MA 02129-1454

DirectTV C/O Bankruptcy
4331 Communications Drive
Flr 4W
Dallas, TX 75211

Dish

MANDATORY FORM PLAN (Revised 01/22/2018)

POBox 94063
Palatine, IL 60094

Driver Learning Technology
8201 164th Avenue NE
Suite 200
Redmond, WA 98052

Duke
POB 1327
Charlotte, NC 28201-1327

EMP of Cincinnati, LTD
POB 14000
Belfast, ME 04915

Fifth Third Bank
5001 Kingsley Drive
Cincinnati, OH 45227

Fifth Third Bank
5050 Kingsley
Cincinnati, OH 45263

First National Credit Card
POB 2496
Omaha, NE 68103-2496

First Premier Bank
3820 N. Louise Avenue
Sioux Falls, SD 57107

FNCC
500 East 60th Street
Sioux Falls, SD 57104

Forest Park Station LLC
NW 601226
Minneapolis, MN 55485

Gateway One Lending
160 N. Riverview Drive
Suite 100
Anaheim, CA 92808

Geeks onsite
POB 140280
Miami, FL 33114

Greater Cincinnati Water Works
4747 Spring Grove Avenue
Cincinnati, OH 45232

**MANDATORY FORM PLAN (Revised 01/22/2018)**

Greenbox
111 Miami Gardens Drive
Suite 408
Miami, FL 33169

I.C. System
POB 64378
Saint Paul, MN 55164-0378

IMC Credit Services
6955 Hillsdale Ct
Indianapolis, IN 46250

Internal Revenue Service
POB 7346
Philadelphia, PA 19101-7346

Jefferson Capital Systems
POB 7999
Saint Cloud, MN 56302

MainSource Bank
1053 State Rt 229 N
Batesville, IN 47006

Max Advance
4208 18th Avenue
Brooklyn, NY 11218

MBS Capital LLC
11085 Montgomery Road
Cincinnati, OH 45249

McCrea Property Group
33 East Cedar Street
Zionsville, IN 46077

Merchant Credit Guide
223 W. Jackson Blvd #700
Chicago, IL 60606

Mercy Health
POB 630804
Cincinnati, OH 45263

Merrick Bank
C/O Resurgent Capital Services
POB 10368
Greenville, SC 29603

Millenium Business Solutions
11085 Montgomery Road
Cincinnati, OH 45249

**MANDATORY FORM PLAN (Revised 01/22/2018)**

Molina Healthcare of Ohio, Inc
POB 809701
Chicago, IL 60680

NPRTO Ohio
256 W Data Drive
Draper, UT 84020

Ohio Department of Taxation
Bankruptcy Department
POB 530
Columbus, OH 43216

Ohio Department of Taxation
C/O Ohio Attorney General Revenue Recove
150 E. Gay Street, 21st Floor
Columbus, OH 43215

Pearl Capital Rivis Ventures LLC
c/o Weltman, Weinberg & Reis
3705 Mariane Drive
Grove City, OH 43123

PNC Bank
POB 3180
Pittsburgh, PA 15230

Portfolio Recovery Associates LLC
POB 12914
Norfolk, VA 23541

Premier Bankcard
POB 2208
Vacaville, CA 95696

Premier Bankcard, LLC
PO Box 5524
Sioux Falls, SD 57117-5524

Prestice Services
21214 Schofield Drive
Gretna, NE 68028

Professional Recovery Consultants
2700 Meridian Parkway
Suite 200
Durham, NC 27713-2204

Progressive
POB 31260
Tampa, FL 33631

MANDATORY FORM PLAN (Revised 01/22/2018)

Quantum3 Group LLC as agent for
Sandino Funding LLC
POB 788
Kirkland, WA 98083

Rapid Financial Services
7316 Wisconsin Avenue
Bethesda, MD 20814

Rent-N-Roll
765 Eastgate S Drive
Cincinnati, OH 45245

RPM
20816 44th Avenue
Lynnwood, WA 98036

Santander Consumer
1010 W. Mockingbird Lane
Suite 100
Dallas, TX 75247

Selection.com
155 Tri-County Parkway
Suite 150
Cincinnati, OH 45246

Sequium Asset Solutions, LLC
1130 Northchase Parkway
suite 1560
Marietta, GA 30067

Small Business Financial Solutions
4500 East West Highway
6th Floor
Bethesda, MD 20814

Spectrum
POB 1060
Carol Stream, IL 60132

Sprint Nextel
Attn: Bankruptcy Dept
POB 7949
Overland Park, KS 66207

Sturgeon & Associates CPA
6078 Pleasant Avenue
Fairfield, OH 45014

Sunrise Credit Services
POB 9100
Farmingdale, NY 11735

MANDATORY FORM PLAN (Revised 01/22/2018)

Surgical Associates of Southwest Ohio
1544 Solutions Center
Chicago, IL 60677

Synchrony Bank/Care Credit
Attn: Bankruptcy Department
POB 965061
Orlando, FL 32896-5061

Synchrony Bank/JCP
Attn: Bankruptcy Department
POB 965061
Orlando, FL 32896-5061

Synchrony Bank/Lowes
Attn: Bankruptcy Department
POB 965061
Orlando, FL 32896-5061

Transworld Systems
507 Prudential Road
Horsham, PA 19044

TriHealth/Good Samaritan Hospital
POB 630823
Cincinnati, OH 45263

Verizon
POB 25505
Lehigh Valley, PA 18002-5505

Vivint.SmartHome
62992 Collection Drive
Chicago, IL 60693-0629

WCXX
3312 W. Peterson Avenue
Chicago, IL 60659

Webbank Fingerhut
6250 Ridgewood Road
Saint Cloud, MN 56303

Western Surety
101 S. Reid Street
Suite 300
Sioux Falls, SD 57103

Wex Bank
POB 6293
Carol Stream, IL 60197

**MANDATORY FORM PLAN (Revised 01/22/2018)**

and (iii) by method of service as required by Bankruptcy Rule 7004 (specify method)

[Name(s) and Mailing Address(s)]

/s/ Cynthia S. Daugherty _____

Cynthia S. Daugherty 0086414

8686 Winton Road
Cincinnati, OH 45231

**Ph:** 513-484-9486

**Fx:** 513-672-2862

debtreliefsoon@gmail.com